Below is an opinion of the court.

_Teresa H. Pearson_
TERESA H. PEARSON
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br>RUSSELL LAVERGNE BALDWIN,<br>Debtor. | Case No. 23-62324-thp7<br><br>MEMORANDUM DECISION RE DEBTOR'S MOTION FOR NEW TRIAL, TO ALTER OR AMEND ORDER CONVERTING CASE TO CHAPTER 7, OR FOR RELIEF FROM ORDER CONVERTING CASE TO CHAPTER 7 |

This case came before the court on Debtor's Motion for New Trial, to Alter or Amend Order Converting Case to Chapter 7, or for Relief from Order Converting Case to Chapter 7 (the "Motion").[1] Pursuant to Fed. R. Bankr. P. 9023 and 9024, Debtor seeks relief from the Order Converting Chapter 13 Case to Chapter 7 (the "Conversion Order").[2] Before filing the Motion, Debtor appealed the Conversion Order.[3] For the reasons set forth below, this court does not have jurisdiction to consider the Motion.

---

[1] ECF No. 79, filed Sept. 27, 2024.
[2] ECF No. 62, entered Aug. 29, 2024.
[3] ECF No. 78; filed Sept. 27, 2024. This notice of appeal was timely filed pursuant to this court's Order Granting Extension of Time to File Notice of Appeal and Related Deadlines (ECF No. 67, entered Sept. 13, 2024).

Page 1 of 3 –   MEMORANDUM DECISION RE DEBTOR'S MOTION FOR NEW TRIAL, TO ALTER OR AMEND ORDER CONVERTING CASE TO CHAPTER 7, OR FOR RELIEF FROM ORDER CONVERTING CASE TO CHAPTER 7

Before acting on the Motion, this court has an independent duty to determine whether it has jurisdiction.[4]

As a general rule, "[e]ven though a bankruptcy court has wide latitude to reconsider and vacate its own prior decisions, not even a bankruptcy court may vacate or modify an order while on appeal."[5] The timely filing of a notice of appeal divests a bankruptcy court of jurisdiction over the matters appealed.[6] Although the bankruptcy court retains jurisdiction to implement or enforce the order appealed, it may not alter or expand the order.[7]

There is an exception to this general rule. If a party timely files certain post-judgment motions, the appeal is tolled, and the trial court's jurisdiction is revived to consider those motions.[8] Fed. R. Bankr. P. 8002(b)(1) provides:

> If a party files in the bankruptcy court any of the following motions and does so *within the time allowed by these rules*, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> (A) to amend or make additional findings under Rule 7052, whether or not granting the motion would alter the judgment;
>
> (B) to alter or amend the judgment under Rule 9023;
>
> (C) for a new trial under Rule 9023; or
>
> (D) for relief under Rule 9024 *if the motion is filed within 14 days after the judgment is entered*.

---

[4] *In re Orchard*, No. 09-65380-TMR13, 2013 WL 6254037, *2 (Bankr. D. Or. Dec. 4, 2013), *citing Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 769, n.5 (9th Cir. 2008) (overruled on other grounds).
[5] *Bialac v. Harsh Inv. Corp. (In re Bialac)*, 694 F.2d 625, 627 (9th Cir. 1982).
[6] *Id.*
[7] *Sherman v. Sec. & Exch. Comm. (In re Sherman)*, 491 F.3d 948, 967 (9th Cir. 2007).
[8] *In re Richards*, No. 8:21-BK-10635-SC, 2023 WL 5805569, *4 (C.D. Cal. Sept. 6, 2023), *appeal dismissed sub nom. Richards v. Marshack*, No. 24-1852, 2024 WL 3175788 (9th Cir. May 1, 2024); *see also Maxwell v. Kaylor*, No. 19-CV-07832-LHK, 2021 WL 3604652, *1 (N.D. Cal. Aug. 13, 2021) (applying analogous Federal Rules of Civil Procedure in appeal from civil case in district court).

Page 2 of 3 –   MEMORANDUM DECISION RE DEBTOR'S MOTION FOR NEW TRIAL, TO ALTER OR AMEND ORDER CONVERTING CASE TO CHAPTER 7, OR FOR RELIEF FROM ORDER CONVERTING CASE TO CHAPTER 7

Case 23-62324-thp7    Doc 85    Filed 10/01/24

(emphasis added). To be timely, a motion for a new trial or to alter or amend judgment under Fed. R. Bankr. P. 9023 must be filed within 14 days.[9]

Debtor cannot rely on the exception. Although Debtor filed his Motion pursuant to Fed. R. Bankr. P. 9023 and 9024, Debtor did not file his Motion within 14 days after entry of the Conversion Order. The Conversion Order was entered on August 29, 2024, and the Motion was not filed until 29 days later, on September 27, 2024. The 14-day deadline cannot be, and was not, extended.[10] Fed. R. Bankr. P. 8002(b)(1) does not apply in this case to revive the jurisdiction of this court.[11]

Therefore, the general rule applies. Because the Conversion Order is on appeal, this court has been divested of jurisdiction to consider the Motion, and the Motion is denied for lack of jurisdiction.

### # # #

---

[9] Fed. R. Bankr. P. 9023.
[10] Under Fed. R. Bankr. P. 9006(b)(2), the court may not enlarge the time for taking action under Fed. R. Bankr. P. 9023 and 9024. Presumably for that reason, Debtor did not seek any such extension when he sought and obtained his extension of time to file his notice of appeal.
[11] Because the Motion was not timely filed, Fed. R. Bankr. P. 8008(a) on indicative rulings also, by its plain terms, does not apply to this case.

Page 3 of 3 – MEMORANDUM DECISION RE DEBTOR'S MOTION FOR NEW TRIAL, TO ALTER OR AMEND ORDER CONVERTING CASE TO CHAPTER 7, OR FOR RELIEF FROM ORDER CONVERTING CASE TO CHAPTER 7

Case 23-62324-thp7    Doc 85    Filed 10/01/24