Below is an opinion of the court.

*Teresa H. Pearson*
TERESA H. PEARSON
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>RUSSELL LAVERGNE BALDWIN,<br><br>Debtor. | Case No. 23-62324-thp7<br><br>MEMORANDUM DECISION RE DEBTOR'S MOTION FOR STAY PENDING APPEAL[1] |

This case came before the court on Debtor's Motion for Stay Pending Appeal Pursuant to FRBP 8007 (the "Motion").[2] Creditors Kent Seida, Jr., Dave Seida, Suzanne Seida, Seida Land & Livestock, LLC, Kent Seida, Sr., and Mary Seida (collectively the "Seida Creditors") objected to the Motion.[3]

The court held a hearing on the Motion on November 7, 2024.[4] Debtor Russell Baldwin appeared through his appellate counsel Douglas R. Ricks, the Seida Creditors appeared through their counsel Cassie K. Jones, chapter 13 trustee Naliko Markel appeared through his counsel Andrea Breinholt, and chapter 7 trustee Jeanne E. Huffman appeared through her counsel

---

[1] This disposition is specific to this case. It may be cited for whatever persuasive value it may have.
[2] ECF No. 93, filed Oct. 15, 2024.
[3] Seida Creditors' Objection to Debtor's Motion for Stay Pending Appeal Pursuant to FRBP 8007, ECF No. 102, filed November 1, 2024.
[4] An audio recording of this hearing is available at ECF No. 107, filed Nov. 7, 2024.

Page 1 of 11 – MEMORANDUM DECISION RE DEBTOR'S MOTION FOR STAY PENDING APPEAL

Holly C. Hayman. Mr. Baldwin's bankruptcy counsel Alan G. Seligson and chapter 7 trustee Ms. Huffman also attended the hearing. Although the court authorized Mr. Baldwin to attend the hearing by telephone, he did not appear. At the conclusion of the hearing, the court gave Debtor, the Seida Creditors, and the chapter 7 trustee an opportunity to present additional briefing to address questions raised by the court regarding whether adjustments to the scope of the requested stay and a bond could be used to protect the Seida Creditors and the estate from substantial injury. Debtor and the Seida Creditors each filed a supplemental brief addressing these questions.[5]

After considering the Motion, responses, arguments of counsel, additional briefing, and the records and files of this case, the court denies the Motion.

## Relevant Facts

Debtor filed a voluntary chapter 13 case and proposed a plan. The chapter 13 trustee and the Seida Creditors both opposed confirmation of the Debtor's plan and filed written motions to dismiss the case.[6] These motions were made in writing and served on Debtor. The court held a two-day in-person evidentiary hearing on confirmation of the plan and these motions.

While the chapter 13 trustee did not cite a statute in support of his motion to dismiss, the Seida Creditors specifically referenced 11 U.S.C. § 1307(c) in their motion.[7] Section 1307(c) provides in relevant part:

> ". . . on request of a party in interest or the United States trustee
> and after notice and a hearing, the court may convert a case under
> this chapter to a case under chapter 7 of this title, or may dismiss a
> case under this chapter, whichever is in the best interests of
> creditors and the estate, for cause, . . ."

---

[5] Debtor's Supplemental Brief Re: Debtor's Motion for Stay Pending Appeal Pursuant to FRBP 8007, ECF No. 108, filed Nov. 11, 2024 ("Debtor's Supplemental Brief"); Seida Creditors' Supplemental Brief Re: Debtor's Motion for Stay Pending Appeal Pursuant to FRBP 8007, ECF No. 109, filed Nov. 11, 2024 ("Seida Creditors' Supplemental Brief").
[6] Trustee's Objection to Confirmation and Motion to Dismiss, ECF No. 43, Filed Jul. 17, 2024; Seida Creditor's Objection to Confirmation of Second Amended Chapter 13 Plan and Renewed Motion to Dismiss, ECF No. 44, filed Jul. 23, 2024 (the "Seida Objection & Motion").
[7] Seida Objection & Motion, p. 7.

The Seida Creditors then argued in their brief that cause existed under section 1307(c) and their preferred remedy was dismissal of Debtor's case with a bar to refiling for at least 180 days.

At trial, at the conclusion of the presentation of evidence, both the chapter 13 trustee and the Seida Creditors asserted that cause existed under section 1307(c), but suggested that the case should be converted to chapter 7 rather than dismissed. Debtor and his counsel were both physically present in the courtroom when those requests were made.

Although Debtor had an opportunity to respond (the court explicitly gave the Debtor's counsel the last word), Debtor did not respond in any way to these requests for conversion. Debtor did not oppose the oral requests to convert the case. Debtor did not raise any procedural objections regarding conversion or how it had been raised at trial. Debtor did not indicate that he would need additional time to respond to the requests for conversion. Debtor did not identify any additional evidence he would want to adduce regarding conversion that Debtor had not already presented in support of confirmation and opposing dismissal. Debtor did not assert that he would prefer dismissal to conversion of his case. Debtor never mentioned that he might want to exercise his right to dismiss his voluntarily case under 11 U.S.C. § 1307(b).[8]

### Legal Analysis

This court has discretion whether to issue a stay pending appeal.[9] Debtor has the burden of showing that the circumstances justify issuing a stay.[10] This court must "consider four factors with respect to a stay pending appeal: '(1) whether the stay applicant has made a strong showing

---

[8] Indeed, Debtor never asserted that he wanted to exercise his right to dismiss under 11 U.S.C. § 1307(b) until after this court ruled against him. At all times prior to this court's ruling, Debtor pursued confirmation of his plan and vigorously opposed the Seida Creditor's request that the case be dismissed. The very first time that Debtor mentioned a desire to dismiss his case pursuant to Section 1307(b) was in Debtor's Motion for New Trial to Alter or Amend Order Converting Case to Chapter 7, or for Relief From Order Converting Case to Chapter 7. ECF No. 79, filed Sept. 27, 2024. Because that motion was not timely filed, and Debtor had already filed his notice of appeal, the bankruptcy court had no jurisdiction to consider that motion. Memorandum Decision Re Debtor's Motion for New Trial, to Alter or Amend Order Converting Case to Chapter 7, or for Relief From Order Converting Case to Chapter 7, ECF No. 85, filed Oct. 1, 2024.
[9] *Doe #1 v. Trump*, 957 F.3d 1050, 1058 (9th Cir. 2020).
[10] *Id.*
Page 3 of 11 –    MEMORANDUM DECISION RE DEBTOR'S MOTION FOR STAY
                  PENDING APPEAL

Case 23-62324-thp7    Doc 117    Filed 11/15/24

that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'"[11] The court addresses each of these factors below.

**1. Debtor has not shown he is likely to succeed on the merits.**

In the Motion, Debtor describes the arguments he intends to make on appeal.[12] Briefly summarized, Debtor asserts that a motion to convert a chapter 13 case to chapter 7 must be made in a written motion served on Debtor. Debtor asserts that because the chapter 13 trustee and the Seida Creditors made an oral motion to convert in open court at the evidentiary hearing, he was not given reasonable notice and an opportunity for hearing on conversion of the case. Debtor is not likely to succeed with this argument on appeal.

There is no dispute that the chapter 13 trustee and the Seida Creditors filed and served procedurally proper written motions to dismiss, and Debtor received notice and the opportunity to respond to those motions at a full evidentiary hearing. It is also true that the court treated the chapter 13 trustee's and Seida Creditors' requests at the conclusion of the evidence to convert the case, rather than dismiss the case, as oral motions.[13]

But regardless of how the chapter 13 trustee and the Seida Creditors raised conversion, or whether they ever raised conversion at all, once the motions to dismiss were filed and served, Debtor knew or should have known that the bankruptcy court would consider conversion as a potential remedy. As early as 1980, bankruptcy courts have recognized that if a party files a motion to dismiss under Section 1307(c), the court can consider whether conversion is an appropriate remedy.[14] In *Elkin*, the bankruptcy court addressed exactly the argument debtor intends to make in this case:

---

[11] *Mi Familia Vota v. Fontes*, 111 F.4th 976, 980-81 (9th Cir. 2024) (quoting *Nken v. Holder*, 556 U.S. 418, 434, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009)).
[12] Motion, pp. 3-5.
[13] Memorandum of Decision, ECF No. 61, entered Aug. 29, 2024, pp. 2, 22.
[14] *See In re Elkin*, 5 B.R. 21, 23 (Bankr. S.D. Cal. 1980).

> "Counsel for the debtors argues that since he only received notice of the Trustee's Application to Dismiss, that is what I am limited to. In other words I cannot change that Application into an application to convert. I disagree. The debtors received notice and a hearing of the fact that the Trustee was proceeding pursuant to s[ec.] 1307(c) and hence were on notice that the case could be dismissed or converted. I further believe that Congress intended by s[ec.] 1307(c) to clothe the court with the discretion to do what it felt was in the best interest of the creditors and the estate after hearing all the evidence and reviewing the matter. I cannot believe that Congress intended to limit the court to not granting the alternative relief available under s[ec.] 1307(c) if the court concluded that was in the best interest of creditors and the estate."[15]

The bankruptcy court has both the authority and the statutory duty to consider conversion as an alternative to a motion to dismiss. The Bankruptcy Appellate Panel has endorsed a two step analysis for motions brought under 11 U.S.C. § 1307(c).[16] In step one, the bankruptcy court determines if there is cause to convert or dismiss.[17] In step two, the bankruptcy court determines if conversion or dismissal is in the best interests of creditors.[18] Regardless of what remedy a particular creditor requests in its motion under Section 1307(c), the plain language of Section 1307(c) requires the court to consider what is in the best interests of creditors and the estate.[19] This rule makes sense because sometimes the relief requested by one creditor may be in that specific creditor's best interest but not in the best interests of the creditor body as a whole or of the estate. The court has a legal responsibility to choose a remedy that is beneficial for all creditors and the estate, not just for the one creditor who files a motion. For this reason, the properly-served written motions to dismiss provided Debtor with sufficient notice that

---

[15] *Id.*

[16] *Jimenez v. ARCPE 1, LLP (In re Jimenez)*, 613 B.R. 537, 543 (9th Cir. BAP 2020); *Ellsworth v. Lifescape Med. Assocs, P.C. (In re Ellsworth)*, 455 B.R. 904, 915 (9th Cir. BAP 2011).

[17] *Jimenez*, 613 B.R. at 543.

[18] *Id.*

[19] 11 U.S.C. § 1307(c). 11 U.S.C. § 105(a) also allows the court to *sua sponte* take any action or make any determination necessary to carry out the provisions of the Bankruptcy Code. Debtor argues correctly that Section 105 cannot be used to contravene the express terms of the Bankruptcy Code. *Law v. Siegel*, 571 U.S. 415, 134 S.Ct. 1188, 188 L. Ed.2d 146 (2014). However, Section 105 can certainly be used to achieve results consistent with the express terms of the Bankruptcy Code, including Section 1307(c)'s mandate that the bankruptcy court consider what remedy is in the best interest of creditors and the estate.

Page 5 of 11 –  MEMORANDUM DECISION RE DEBTOR'S MOTION FOR STAY PENDING APPEAL

conversion would be considered as a remedy. Thus, even if it was error for this court to treat the chapter 13 trustee's and the Seida Creditors' requests for conversion as oral motions, it was harmless error because this court had the duty to consider the remedy of conversion anyway.

After the chapter 13 trustee and the Seida Creditors filed their motions to dismiss but before the conclusion of the evidentiary hearing, Debtor disclosed additional information that made clear that conversion would be a more appropriate remedy for the creditors and the estate than dismissal. If Debtor had fully disclosed his assets and income at the outset of the case, as the bankruptcy law requires him to do (but he did not), then perhaps the chapter 13 trustee and the Seida Creditors would have more explicitly sought conversion as a remedy in their written motions. But, it was neither unfair nor inappropriate for them to suggest an alternative remedy to their initial expressed preference in light of the new factual information that came out shortly before and during trial.

In addition to the merits, another important reason that Debtor is unlikely to succeed on appeal is that he made no effort to raise his concerns before the bankruptcy court, and thus has not preserved his arguments for appeal.[20] An appellate court will not generally consider issues on appeal that were not raised sufficiently in the proceedings below for the trial court to rule on them.[21] In this case, after the chapter 13 trustee and the Seida Creditors raised conversion specifically, Debtor said nothing to oppose that potential relief. Debtor did not ask for additional time or additional notice, nor did he request an opportunity to put on additional evidence. Debtor did not ask for an opportunity to dismiss his case voluntarily under Section 1307(b). Debtor waived[22] these issues on appeal. This court had no opportunity to rule on these issues because Debtor never raised them at a point that this court had jurisdiction to decide them.

---

[20] *See Rains v. Flinn (In re Rains)*, 428 F.3d 893, 902 (9th Cir. 2005).
[21] *Williby v. Aetna Life Ins. Co.*, 867 F.3d 1129, 1136-37 (9th Cir. 2017), *citing Armstrong v. Brown*, 768 F.3d 975, 981 (9th Cir. 2014) and *Komatsu, Ltd. v. States S.S. Co.*, 674 F.2d 806, 812 (9th Cir. 1982).
[22] Technically, this is a forfeiture rather than a waiver, but "[i]n practice, however, the Ninth Circuit typically uses the term 'waiver' to address both situations." Waiver of Claims or Issues on Appeal, Rutter Group Prac. Guide Fed. Ninth Cir. Civ. App. Prac. Ch. 7-C, § 7.80.

### 2. Debtor will not be irreparably injured absent a stay.

This court may only exercise its discretion to enter a stay when the moving party shows that "irreparable harm is probable, not merely possible."[23] The moving party must make this showing with evidence and not "by submitting conclusiory factual assertions and speculative arguments that are unsupported in the record."[24]

Debtor asserts that he will suffer irreparable injury without a stay because (1) he will lose his absolute right to dismiss his chapter 13 bankruptcy case under Section 1307(b), (2) "Debtor's property will be collected and the Debtor will lose significant property rights in his estate, including the right of possession, the right of control, the right of exclusion, and the right of disposition,"[25] and (3) the trustee will administer the estate's assets. Debtor has not shown that any of these constitutes irreparable injury.

Debtor had an absolute right to dismiss this case under Section 1307(b) from the moment he filed his chapter 13 case until the moment the court converted the case to chapter 7—a period of more than 8 months.[26] He could have exercised that right at any time while his case was in chapter 13, including immediately after the chapter 13 trustee and the Seida Creditors requested conversion of this case at the conclusion of trial. Debtor did not exercise this right. Instead, Debtor strenuously opposed dismissal of the case and attempted to confirm a chapter 13 plan. It was only after the court issued adverse rulings against him and entered its order converting the case to chapter 7 that the Debtor suddenly became interested in dismissing his case.

Debtor maintains that the absolute right to dismiss under Section 1307(b) is "designed to ensure that Chapter 13 remains 'a wholly voluntary alternative to Chapter 7.'"[27] Debtor is correct about the purpose of this section. But, the bankruptcy court has not forced Debtor to stay

---

[23] *Doe #1*, 957 F.3d at 1059.
[24] *Id.*, 957 F.3d at 1059-60.
[25] Motion, pp. 5-6.
[26] *Nichols v. Marana Stockyard & Livestock Mkt., Inc. (In re Nichols)*, 10 F.4th 956, 964 (9th Cir. 2021) (quoting *Smith v. U.S. Bank N.A.*, 999 F.3d 452, 455 (6th Cir. 2021)).
[27] *Nichols*, 10 F.4th at 964.

in chapter 13, so the purpose of 1307(b) is satisfied. Section 1307(b) is not applicable to a case after it converts to chapter 7.[28]

Debtor's assertions that he will lose significant property rights in his estate absent a stay pending appeal are only that—assertions. Debtor has provided no evidence to show what the trustee intends to do with respect to the estate and its assets, or how those potential actions could cause him specific harm. Indeed, Debtor has submitted no evidence at all to support his Motion. Debtor has not met his burden of showing irreparable harm.

This court does not have reason to believe that the chapter 7 trustee's pursuit of her duties to administer the estate under the Bankruptcy Code will lead to irreparable harm. The chapter 7 trustee is an experienced trustee represented by counsel proficient in bankruptcy law. The trustee is well-qualified to administer the estate. The Bankruptcy Code and the Federal Rules of Bankruptcy Procedure provide adequate means for Debtor to receive notice, object, and be heard if the trustee pursues an administration action that Debtor opposes. For example, if the trustee wants to sell the Debtor's property, she will have to comply with Section 363, and if the trustee wants to settle claims, she will need to file a motion under Fed. R. Bankr. P. 9019. Given the safeguards in the Bankruptcy Code, this court will not speculate that the trustee's administration of the estate will cause harm to Debtor.

**3. Issuing a stay would substantially injure the Seida Creditors and the estate.**

Debtor contends that a stay pending appeal will not harm other parties and that his real estate assets are not rapidly diminishing in value. Debtor provides no evidence with his Motion to support this contention. In fact, this contention is blatantly inconsistent with the evidence that Debtor himself presented at trial.

One of the largest assets of this estate is Debtor's house. During trial, Debtor submitted substantial evidence that his home suffers from significant deferred maintenance, including cracks in the foundation indicating probable structural issues, a roof that needs to be replaced because it is leaking, mold issues, damaged gutters, holes in the siding, and a deck that may not

---

[28] *Pino v. Martinez (In re Pino)*, 657 B.R. 264, 269-71 (10th Cir. BAP 2024).

be safe to stand upon. During trial, Debtor presented evidence that it would be expensive to hire contractors to fix all of these problems. Debtor and his wife conceded that they could not repair all of these problems themselves. If the trustee is stayed from administering this case, this evidence shows that the deferred maintenance will not be fully addressed. The condition of the home is unlikely to improve and is likely to deteriorate. This will cause harm to the estate and its creditors, as this will only decrease the value of the property.

The evidence at trial also showed that Debtor did not actively pursue his rights to his share of his father's probate estate. On cross-examination at trial, Debtor admitted that if his bankruptcy case were dismissed, it would be an option for him to disclaim his interest in that probate estate. If a trustee does not proceed to administer this asset, and pursue the estate's rights to its share of the probate estate, it is unlikely that this asset can be realized for the benefit of creditors. This would also be harmful to the estate and its creditors.

In the Motion, Debtor offers to agree to conditions that he believes would protect the creditors and the estate. The conditions he proposes include "keeping adequate insurance on the real property and a reporting and turnover requirement for any property received through probate proceedings."[29] These conditions would not mitigate the harm likely to occur to the estate if a stay pending appeal were granted. Property insurance does not typically cover damage from deferred maintenance—it protects from casualties such as fire or accidents. If nobody is actively purusing the estate's rights to obtain Debtor's interest in his father's probate estate, a reporting and turnover obligation is meaningless.

At the hearing on this Motion, the court raised questions about (a) whether a stay limited in scope would be appropriate, and (b) whether a bond could protect the estate's interests. Regarding the first issue, Debtor suggested in his supplemental brief that he thought a limited scope of stay could work and that he had made a proposal to the Seida Creditors, but he did not describe the proposal.[30] In their supplemental brief, the Seida Creditors responded by asserting

---

[29] Motion, p. 7.
[30] Debtor's Supplemental Brief, p. 2.

Page 9 of 11 –   MEMORANDUM DECISION RE DEBTOR'S MOTION FOR STAY
                 PENDING APPEAL

that the Debtor's proposal was unacceptable and not made in good faith.[31] As this court is unaware of the terms of the Debtor's proposal, this court cannot comment upon it. Suffice it to say that neither party has suggested a viable option for a stay that would be limited in scope. Regarding the second issue, Debtor asserts that it is not currently feasible for him to post a bond.[32]

Because no party has suggested a viable way to mitigate the harm that would be caused by a delay in administration of this case, the evidence shows that a stay pending appeal would harm the estate and its creditors.

### 4. The public interest does not favor a stay pending appeal in this case.

Debtor asserts that it is in the public interest to protect his rights to due process and his absolute right to dismiss this case under Section 1307(b).[33] This appears to be simply a restatement of Debtor's arguments on the merits of his appeal. While a stay may be in Debtor's own interest, this court is not persuaded that this is a public interest.

In contrast, there is a public interest in the prompt resolution of bankruptcy cases. The Supreme Court has recognized that "a chief purpose of the bankruptcy laws is 'to secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period' . . . ."[34] A stay pending appeal in this case would cause delay contrary to that purpose.

### Conclusion

Equity does not justify providing relief to Debtor under the facts and circumstances of this case. Debtor makes an emotional argument that he will lose his house and other assets if a stay pending appeal is not granted—a loss that he contends will be irreversible harm if he prevails on appeal. Debtor claims his rights have been violated because he has an absolute right to dismiss his case under Section 1307(b). Ironically, if Debtor had exercised his right to dismiss

---

[31] Seida Creditors' Supplemental Brief, p. 1.
[32] Debtor's Supplemental Brief, p. 1.
[33] Motion, pp. 7-9.
[34] *Katchen v. Landy*, 382 U.S. 323, 328, 86 S. Ct. 467, 472 (1966) (internal citation omitted) (superseded by statute on other grounds); *Beaty v. Selinger (In re Beaty)*, 306 F.3d 914, 922 (9th Cir. 2002).

this case under Section 1307(b) while the case was in chapter 13, the Seida Creditors could have then pursued a sheriff's execution sale of Debtor's house outside of bankruptcy—leading to the same result Debtor now tries to avoid.

At bottom, Debtor voluntarily filed bankruptcy. Debtor did not disclose all of his assets or his actual income and expenses at the outset of the case. This court already found that Debtor filed this case in bad faith, to hinder and delay the Seida Creditors' collection efforts.[35] Debtor's motion for stay pending appeal appears to this court to be a further effort to hinder and delay relief to creditors of his estate. This court will not assist that effort.

For the reasons set forth above, the motion for stay pending appeal is denied.

# # #

---

[35] Memorandum of Decision, ECF No. 61, entered Aug. 29, 2024, p. 22. Debtor does not indicate in his motion that he intends to challenge this finding of fact.

Page 11 of 11 –    MEMORANDUM DECISION RE DEBTOR'S MOTION FOR STAY
                   PENDING APPEAL

Case 23-62324-thp7    Doc 117    Filed 11/15/24